Anna Y. Park, SBN 164242
Andrea E. Ringer, SBN 307315
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

E-FILED 3/2/20
JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> SIERRA CREATIVE SYSTEMS, INC dba ADDRESSERS, and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 2:18-cv-05185-PSG-AFM <br><br> **CONSENT DECREE: [PROPOSED] ORDER** |

CONSENT DECREE AND [PROPOSED] ORDER

# I.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") and Defendant Sierra Creative Systems, Inc., doing business as Addressers ("Sierra" or "Defendant") (collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to resolve the Commission's complaint against Defendant in <u>U.S. Equal Employment Opportunity Commission v. Sierra Creative Systems, Inc., et al.</u>; Case No. 2:18-cv-05185-PSG-AFM (the "Action").  On June 12, 2018, Plaintiff filed this Action in the United States District Court, Central District of California, filed under Title VII of the Civil Rights Act of 1964, as amended, <u>42 U.S.C. § 2000e</u> *et seq.* ("Title VII").  The Action alleged that Defendant discriminated against Charging Parties Herminia Esqueda, Amaranda Cedillo, and Ana Palacios and a class of female employees on the basis of sex by subjecting them to a sexually hostile work environment, quid pro quo sexual harassment, and retaliation.  Sierra denies these allegations.  The EEOC seeks relief on behalf of Charging Parties Esqueda, Cedillo, and Palacios and a class of female employees (collectively, "Claimants").

# II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A.     This Action shall be fully and completely resolved by entry of this Consent Decree.  The Decree is made and entered into by and between the EEOC and Defendant and shall be binding on and enforceable against Defendant, as well as its officers, directors, agents, successors and assigns.

B.     The Parties have entered into this Decree for the following purposes:

      1.     To provide monetary and injunctive relief to resolve this action;

      2.     To ensure Defendant's employment practices comply with the Title VII;

      3.     To ensure a work environment free from sex discrimination,

harassment and retaliation;

4. To ensure training for all of Defendant's employees and agents, including but not limited to its executives, management, and other employees / agents with respect to their obligations and rights under Title VII;

5. To ensure that Defendant provides an appropriate and effective mechanism for documenting, investigating and responding to complaints of discrimination, harassment, and retaliation complaints in the workplace;

6. To ensure appropriate record keeping, reporting, and monitoring; and

7. To avoid the expensive and protracted costs incident to this litigation.

## III.

## RELEASE OF CLAIMS

A. This Decree fully and completely resolves all issues, claims, and allegations raised by the EEOC against Defendant in this Action.

B. Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

C. Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any party fails to perform promises and representations contained herein.

D. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures. This Decree shall in no way hinder or affect an individual's right to file a charge with the EEOC or applicable state agency, participate in a federal or state investigation, or the EEOC's investigation and determinations into such charges.

## IV.

## JURISDICTION

A. The Court has jurisdiction over the Parties and the subject matter of this litigation. The Action asserts claims that, if proven, would authorize the Court to

CONSENT DECREE AND [PROPOSED] ORDER

grant the equitable relief set forth in this Decree.

B.      The terms and provisions of this Decree are fair, reasonable and just.

C.      This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

D.      Entry of this Decree will further the objectives of Title VII and be in the best interests of the Parties.

E.      The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

## V.

## **EFFECTIVE DATE AND DURATION OF DECREE**

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date, provided that Defendant substantially complies with the terms of this Decree. In the event that Defendant does not substantially comply, the Court may order any extension of the duration of this Decree necessary to effectuate the Decree's purposes.

## VI.

## **MODIFICATION AND SEVERABILITY**

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  If the Parties are unable to reach an agreement, the Court shall order the appropriate alternative

provisions necessary to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.    If the EEOC has reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendant,  its legal counsel of record, and any private counsel that Defendant may subsequently identify to the EEOC in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Defendant has violated or breached. Absent a showing of harm, Defendant shall have forty-five (45) days from receipt of the written notice ("Dispute Resolution Period") to attempt to resolve or cure the breach. The Parties will attempt to resolve the dispute without court intervention, and may agree to extend this period upon mutual consent.

B.    The Parties will cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.    Where there is a showing that a Dispute Resolution Period will cause substantial harm, the Commission may immediately initiate an enforcement action in this Court, seeking all available relief, including an extension of the duration of the Decree. Where there is no such showing, the Commission may initiate an enforcement action after the expiration of the Dispute Resolution Period.

## VIII.

## MONETARY AND CLAIMANT-SPECIFIC RELIEF

### A.    Monetary Relief

1.    In settlement of this lawsuit, Defendant shall pay a total of six hundred and ninety thousand dollars $690,000 (the "Settlement Amount") within thirty (30) days of the Effective Date of this Decree.

2.      The EEOC has sole discretion to designate these damages as wage or non-wage damages.  While the distribution of the Settlement Amount and characterization of the amount shall be at the sole discretion of the EEOC, the EEOC may consider the following factors:  (i) participation in the investigation and/or litigation by a Charging Party or Claimant; (ii) the severity and frequency of the Charging Party or Claimant's allegations of sexual harassment and/or retaliation; (iii) the financial and emotional distress damages allegedly suffered by the Charging Party or Claimant; and (iv) the duration of the Charging Party or Claimant's employment with Defendant. The EEOC shall provide Defendant with a list identifying each individual's portion and amount of monetary relief, and the name and address to which each individual amount of monetary relief shall be delivered, and the characterization of the monetary relief.  Defendant shall prepare and distribute the appropriate tax forms to Claimants for the appropriate amounts pursuant to IRS rules and regulations based on the exclusive characterization of the funds by the EEOC.  This allocation is reasonable.

**B.   Specific Injunctive Relief**

Within thirty (30) days of the Effective Date of this Decree, Defendant shall:

A.      remove from the personnel files of each Claimant any references to the charges of harassment filed against Defendant or the Claimant's participation in this Action;

B.      to the extent that Defendant must keep records of the charges of discrimination or any Claimant's involvement in the Action in order to effectuate this Decree, such records must be maintained separately from Claimants' personnel files;

C.      refrain from providing negative references about Claimants, and to the extent a job reference is requested, only provide a neutral employment reference, which is limited to verifying whether the identified Claimant was employed by Defendant, the last position in which the Claimant was employed, and the duration

of employment with Defendant;

D.      to the extent that a Claimant continues to work for Defendant (e.g., Amaranda Cedillo is still employed with Defendant), ensure that the Claimant does not suffer discrimination, harassment, or retaliation;

E.      ensure that the Claimants, including former employees, are not prohibited from re-employment with Defendant.

**IX.**

**GENERAL INJUNCTIVE RELIEF**

**A.      Non-Discrimination and Non-Retaliation**

1.      *Non-Discrimination.*      Defendant, its directors, officers, agents, successors, assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in employment practices in violation of Title VII. Such employment practices include:

(a)      discriminating against persons in violation of Title VII, including sexual harassment;

(b)      engaging in or becoming a party to any action, policy or practice that discriminates against any person in violation of Title VII, including sexual harassment; or

(c)      creating, facilitating, or permitting a hostile work environment in violation of Title VII, including on the basis of sex.

2.      *Non-Retaliation.*      Defendant, its directors, officers, agents, management, successors, assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in, implementing, or permitting any action, policy or practice that retaliates against any current or former employee or applicant because he or she has:

(1)      opposed any practice that he or she believed to be discriminatory, harassing or retaliatory;

(2)      filed a charge with the EEOC alleging such a practice;

(3)     testified or participated in any manner in any investigation (including any internal investigation undertaken by Defendant), proceeding in connection with this case and/or relating to any claim of a Title VII violation;

(4)     was identified as a possible witness or claimant in this Action;

(5)     asserted any rights under this Decree; or

(6)     sought and/or received any relief in accordance with this Decree.

**B.     Posting**

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendant shall post the notice (attached as "Exhibit A") of the terms of this Decree in the location where state and federal workplace posters are placed. Defendant shall also post a Spanish translation of the Notice, provided by the EEOC, alongside the English version of the Notice throughout the duration of the Decree.

**C.     Equal Employment Opportunity Consultant**

Within thirty (30) days after the Effective Date, Defendant shall retain an external Equal Employment Opportunity Consultant ("Consultant") from a list of at least three names provided by the EEOC to monitor Defendant's compliance with Title VII and this Decree. The Consultant shall have demonstrated experience in the area of employment discrimination and sex harassment issues and be bilingual in Spanish and English. Defendant shall bear all costs associated with the selection and retention of the Consultant and the performance of the Consultant's duties. For the term of the Decree, the Consultant's responsibilities shall include:

1.     Reviewing and/or revising Defendant's policies and procedures, including its complaint procedures relating to harassment, discrimination and retaliation to ensure that they fully comply with Title VII and all requirements set forth in this Decree;

2. Ensuring that all employees, including management, supervisory, and human resources employees and designate agents, are trained regarding their rights and responsibilities under Title VII and this Decree, including the responsibility to provide a workplace free of discrimination, harassment and retaliation, in a language easily understandable to employees;

3. Ensuring that all employees, including management, supervisory, and human resources employees and designated agents, are trained on Defendant's revised policies and procedures relating to discrimination, harassment and retaliation, in a language easily understandable to employees;

4. Ensuring that all human resources employees and designated agents have the skill level to effectuate the requirements of Title VII and of this Decree;

5. Conducting investigations of all complaints of discrimination, harassment or retaliation to ensure compliance with Title VII and this Decree;

6. Ensuring that Defendant properly communicates with complainants as required by this Decree;

7. Ensuring that Defendant creates a centralized system of tracking discrimination, harassment and retaliation complaints, as required by this Decree;

8. Ensuring that Defendant's performance and discipline policies hold employees and managers, including human resource personnel, accountable for failing to take appropriate action regarding incidents of discrimination, harassment or retaliation, or for engaging in conduct prohibited under Title VII or this Decree;

9. Conducting audits, as set forth below, to ensure that Defendant's employees, managers, supervisors, and leads are held accountable and to reinforce Defendants' zero tolerance policy with respect to harassment and retaliation;

10. Conducting interviews and/or surveys of personnel and authority to follow up if potential discrimination, harassment, and/or retaliation is identified;

11. Preparing an annual report on Defendant's compliance with Title VII and this Decree;

12.     Ensuring that Defendant accurately compiles and timely submits all reports by required this Decree;

13.     Monitoring Claimants, class members and/or witnesses who participated in this lawsuit and who continue to be employed by Defendant, particularly Amaranda Cedillo (Charging Party and current employee of Defendant) to ensure that they have not been subjected to any retaliation or harassment.  Defendant shall provide the Consultant's contact information to these individuals.  Consultant shall attempt to contact these individuals at least every four (4) months;

14.     Ensuring that Defendant's Human Resources has an open door policy, and is easily accessible to the employees;

15.     Further ensuring Defendant's full compliance with the spirit and the letter of the terms of this Decree.

**D.     EEO Compliance Audits**

The Consultant shall conduct annual unannounced audits at Defendant's worksite to ensure that managers are held accountable and to encourage employees to report problems of harassment, discrimination, or related retaliation.

For annual audits, Consultant/Auditor shall distribute surveys in English and Spanish. The audits shall occur after the final policies and complaint procedures are distributed to the employees and after the initial training to ensure that the policies and procedures have been received by the employees and to ensure compliance with the anti-harassment and anti-retaliation policies and procedures. At a minimum, the audit shall seek information regarding whether the employee has experienced or witnessed sexual harassment or retaliation during the one year time period covered by the audit.  The audits shall instruct the employees to return their responses directly to the EEO Compliance Coordinator via their personal email and/or in a pre-addressed stamped envelope to be provided with the audit. To ensure employee input, the surveys will be distributed and collected outside the

presence of any person with a supervisory role and without their advance knowledge. Consultant shall submit a full report to the EEOC regarding employee feedback.

Any conduct signaling a sexual harassment, hostile work environment, or retaliation issue will require that Consultant interview employees to determine compliance with anti-harassment and retaliation policies and procedure and recommend prompt and effective remedial action as appropriate. The results of the more detailed audit shall be evaluated by the Consultant and submitted to the EEOC in the annual report as set forth below.

**E.** **Policies Concerning Discrimination, Harassment and Retaliation**

1.     Within thirty (30) days after the Effective Date, Defendant shall draft or review and then revise its policies and procedures on discrimination, harassment and retaliation and complaints ("Final Policy") as described below.

2.     The policies and procedures on discrimination, harassment and retaliation shall include a clear explanation of prohibited conduct in violation of Title VII, including sexual harassment, hostile work environment based on sex, discrimination, and retaliation, with several examples of each.

3.     A description of the internal complaint procedure shall clearly state that:

(a)     an employee who believes that he or she has suffered discrimination, harassment or retaliation may file an internal complaint using Defendant's internal complaint procedure, or may file an external complaint to any appropriate person or agency, or both;

(b)     employees may initiate an internal complaint verbally or in writing to any manager, executive or human resources representative, and no special form is required;

(c)     employees may complain via a hotline to be established by Defendant and monitored by Consultant;

CONSENT DECREE AND [PROPOSED] ORDER

(d)     employees may submit anonymous complaints;

(e)     Defendant shall not tolerate retaliation against any employee for use of the internal complaint procedure or any external complaint procedure, for assisting in the investigation of a complaint or for otherwise assisting in a complaint, and as such Defendant shall check in with complaining employee following their complaint to ensure no retaliation has occurred;

(f)     the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law.  The procedures shall provide contact information for EEOC and state and local Fair Employment Practice (FEP) agencies; and

(g)     if an allegation of discrimination or retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

4.     The internal complaint procedure shall lay out Defendant's responsibilities, including that Defendant will:

(a)     maintain the confidentiality of the complaint, complainant and investigation to the fullest extent possible;

(b)     take every reasonable step to promptly resolve complaints;

(c)     promptly commence a thorough investigation that shall be conducted by a person trained to conduct such investigations;

(d)     interview all relevant witnesses, including the complainant, and review all relevant documents;

(e)     provide opportunity for the complainant to review and respond to non-confidential tentative findings, except in those circumstances in which it is necessary to take immediate action;

(f)     communicate with the complainant (preferably in writing) regarding the status of the complaint, investigation, results of the investigation and any remedial action taken;

(g)     track investigations and maintain written records of all investigatory steps, any findings or conclusions of the investigation and any remedial actions taken; and

(h)     notify complainant of its findings within thirty (30) days of completing its investigation.

8.     Defendant's managers and human resources personnel shall have an open door policy, and be easily accessible to the employees.  Managers and human resources personnel shall be available to receive complaints from the employees during normal business working hours with or without appointments.

9.     The Consultant shall track all complaints filed under the revised internal complaint procedures and retain records regarding investigation and resolution of all such complaints, including but not limited to those complaints made through the Hotline.  The Consultant shall also ensure that Defendant publicizes the revised internal complaint procedures, and shall monitor Defendant's investigation and resolution of any complaints made.

10.     The Final Policy shall also include assurance that Defendant shall:

(a)     hold all employees, including management and human resources employees, accountable for engaging in conduct prohibited under Title VII or this Decree;

(b)     hold all management and human resources employees accountable for failing to take appropriate action to address incidents of discrimination, harassment, or retaliation, clearly stating that (1) management's failure to adhere to the reporting steps will be subject to discipline, and (2) the duty to act is triggered by knowledge of incidents or complaints of discrimination, harassment, or retaliation, and does not require a complaining employee; and

(c)     state that Defendant has a zero-tolerance policy with respect to discrimination, harassment, and retaliation.

11.     The Final Policy shall be distributed in English and in Spanish.

**F**.     **Finalizing and Distribution of Final Policy**

1.     Within thirty (30) days after the Effective Date, Defendant shall provide the Commission with a copy of the above described Final Policy and the Spanish translation of it.

2.     Upon receipt, the EEOC shall have thirty (30) days to review and/or comment on the revised Policy.

3.     If the EEOC does not provide comment within thirty (30) days of receiving the revised policy, Defendant shall on an annual basis distribute the Final Policy, to all employees, including management and human resources employees. Defendant shall also distribute the Final Policy to new employees. Defendant shall have each employee who receives a copy of the Final Policy sign a form acknowledging receipt.

4.     Throughout the term of this Decree, Defendant shall post the Final Policy alongside other federal and state workplace postings. Defendant shall post a Spanish translation of the Final Policy alongside the English version for the duration of the Decree.

**G.**     **Training**

1.     *Training for all employees*

Within ninety (90) days of the Effective Date, and annually thereafter for the duration of this Decree, Defendant shall provide live trainings, lasting at least two hours in duration, to *all* employees, including President Moon. When scheduling the live training, Defendant shall ensure that President Moon and 75% of Defendant's non-supervisory employees attend each live training. An employee may be excused from attending the live training due to business necessity, disability or sudden illness. If President Moon is unable to attend or more than

CONSENT DECREE AND [PROPOSED] ORDER

25% of Defendant's non-supervisory employees are unable to attend the live training, Defendant shall reschedule the live training. For those unable to attend the live training due to business necessity, disability or illness, Defendant shall provide an alternative training session within ninety (90) days of the initial training that is either (a) live and interactive; or (b) a video recording of the live training plus an interactive component. Within ninety (90) days of the hire date of any employee hired after the annual training but within the term of the Decree, Defendant shall provide an alternative training session that is either (a) live and interactive; or (b) a video recording of the live training with an interactive component.

The training is mandatory and all persons shall verify their attendance in writing. Defendant shall maintain copies of training sign-in sheets for the duration of the Decree.

The trainings shall be conducted in a language the attending employees understand and shall cover federal employment discrimination laws with a particular emphasis on sex discrimination and harassment and retaliation; employees' rights and responsibilities under Title VII and this Decree; and Defendant's Final Policy. The trainings shall have interactive components and include examples of prohibited conduct, to ensure understanding by the employees, and include a work place civility component.

### 2. *Management and Human Resources Training*

Within sixty (60) days of the Effective Date and annually thereafter for the duration of this Decree, Defendant shall provide an additional live training to its managers, supervisors, hiring officials, human resources, executives, and any other person involved in operating or managing Defendant's business, including President Moon. The training shall be at least two hours in duration. When scheduling the live training, Defendant shall ensure that President Moon and at least 75% of all managers, supervisors, hiring officials, human resources,

CONSENT DECREE AND [PROPOSED] ORDER

executives, and persons involved in operating or managing Defendant's business attend each live training. An employee may be excused from attending the live training due to business necessity, disability or sudden illness. If President Moon is unable to attend or more than 25% of Defendant's non-supervisory employees are unable to attend a living training, Defendant shall reschedule the live training. For those unable to attend the live training due to business necessity, disability or illness, Defendant shall provide an alternative training session within ninety (90) days of the training that is either (a) live and interactive; or (b) a video recording of the live training with an interactive component. Within ninety (90) days of the hire date or promotion of any manager, supervisor, hiring official, or human resources staff member, or executive hired after the annual training but within the term of the Decree, Defendant shall provide a live or online training.

The training is mandatory and all persons shall verify their attendance in writing. Defendant shall maintain copies of training sign-in sheets for the duration of the Decree.

The management-level trainings shall be conducted in a language the employees understand and cover how to properly handle and investigate complaints of discrimination, harassment and retaliation in a fair and neutral manner; how to take preventive and corrective measures against discrimination, harassment, and retaliation; and how to recognize and stop discrimination, harassment, and retaliation; and shall focus on effective responses and/or investigations and include role playing on how to handle scenarios and emphasize accountability of management. The training will also focus on Defendant's Final Policy and the consequences for managers that fail to document and investigate incidents or complaints of discrimination, harassment or retaliation which they become aware of or witness.

      3.    *Verification of Training*

CONSENT DECREE AND [PROPOSED] ORDER

The EEOC shall have the right to attend any trainings described in the Decree and to review training materials conducted while this Decree is in effect. For trainings occurring during the term of the Decree, sixty (60) days prior to any training, Defendant shall provide written notice to EEOC including the time, location, name and contact information of the trainer and the training materials to be used and/or distributed. The written notice shall be sent via U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012. Defendant shall work with the EEOC to effectuate any modifications proposed by the EEOC to the training materials or chosen trainer.

Within ninety (90) days of the Effective Date and annually thereafter for the duration of this Decree, Defendant shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, and a list of the individuals who conducted the training. The written training materials obtained pursuant to this Consent Decree will not be made publicly available and the EEOC will not share the materials with any third party. Defendant shall also produce to the EEOC a list of the names and job titles of attendees at each live training and at each alternative training session. For persons attending the alternative training session, Defendant shall also provide the permitted reason that each individual was excused from attending the live session.

**H.    Performance Evaluations for EEO Compliance**

Within thirty (30) days of the Effective Date, Defendant shall create a provision in the annual performance evaluation of its managers, supervisors, and human resources personnel to hold individuals accountable for failing to appropriately remedy or report incidents of harassment/discrimination, or retaliation for engaging in harassment/discrimination or retaliation, and for failing to comply with Defendant's Final Policy.

- 17 -

## I.    Hotline

Within thirty (30) days of the Effective Date, Defendant shall create a telephonic hotline, in which employees can make complaints about discrimination, harassment and/or retaliation.  The hotline shall be monitored by the Consultant on at least a bi-weekly basis.  The Consultant shall provide necessary information to Defendant, who shall conduct a prompt and effective investigation with input and guidance from the Consultant.  The Consultant shall be permitted to discuss with the EEOC any concerns that may arise from the creation, maintenance, actions taken as a result of the hotline, or any other matters arising from the hotline.

## XII.

## RECORDKEEPING

Within ninety (90) days of the Effective Date, Defendant shall establish a record-keeping procedure that provides for the centralized tracking of harassment complaints as well as the monitoring of such complaints, including the identities of the parties involved.  The records to be maintained shall include:

A.    all documents generated through the duration of the Decree in connection with Defendant's compliance with the Decree;

B.    all documents generated in connection with any complaint or report of workplace misconduct, including documents relating to all investigations and/or resolutions of any complaints, the identities of all persons involved in the complaint and/or the Defendant's investigation, and electronic correspondence regarding any complaint or report of workplace misconduct;

B.    all forms acknowledging employees' receipt of Defendant's Final Policy;

C.    all documents verifying the occurrence of all training sessions and the names and positions of all attendees for each session as required under this Decree, including but not limited to sign-in sheets and training materials;

D.    all documents generated in connection with the monitoring,

counseling, and disciplining of employees whom Defendant determined to have engaged in behavior that may be discriminatory, harassing, and/or retaliatory; and

E.      all documents generated in connection with the discipline of any Charging Party or Claimant still employed by the defendant.

Defendant shall make such records available for the EEOC's inspection during the term of this Decree, within thirty (30) days of the EEOC's written request. To the extent any documents are withheld based on a claim of privilege, Defendant will provide the EEOC with a privilege log. Witness interviews shall not be withheld based on privilege.

## XII.

## REPORTING

During the term of this Decree, Defendant, through the Consultant, shall prepare an annual report on its progress and its compliance under this Decree and send to the EEOC in writing by mail or electronic mail. The annual reports shall include:

**A.      Reports regarding policies and procedures**

1.      a copy of the Final Policy, and a statement whether any policies or procedures have been revised since the previous report;

2.      a summary of the procedures and record-keeping methods developed with the Consultant for centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints, and a statement whether any policies or procedures have been revised since the previous report;

**B.      Reports regarding incidents of discrimination, harassment or retaliation**

1.      a description of all sex discrimination, harassment or retaliation allegations made, investigated or resolved since the previous report. This description shall include the names of the individuals alleging discrimination or

retaliation; the nature of the complaint; the names of the alleged perpetrators of discrimination or retaliation, including whether the alleged perpetrator is a manager and/or has been the subject of any previous complaints of harassment or discrimination; the dates of the alleged discrimination or retaliation; the status of the investigation and/or explanation of how each complaint was resolved; the identity of the employee(s) who investigated and/or resolved each complaint; and the identities of any supervisor, human resource personnel, or other individual involved in making any determinations about the complaint; most recent contact information for each witness identified by the complainant and/or investigation; and the status of Defendant's investigation.

2. a copy of all reports, complaints, or statements regarding sex discrimination, harassment or retaliation.

**C. Reports regarding notice of consent decree and training**

1. a statement confirming that the Notice of Consent Decree and Final Policy is posted alongside other federal and state workplace posters;;

2. a statement confirming all training completed since the previous report;

3. a statement confirming that Defendant has complied with Section IX. "Claimant Specific Injunctive Relief."

4. a statement confirming that since the previous report, it held managers accountable for not reporting complaints of sexual harassment and/or retaliation, and also for rewarding those managers who did report correctly as part of its reporting process;

5. complete attendance lists for all live training sessions conducted since the previous report;

6. complete attendance lists for all alternative training sessions conducted since the previous report, including the reasons each individual was unable to attend the live training session; and

CONSENT DECREE AND [PROPOSED] ORDER

7.     a copy of training materials used to comply with the training requirements of the Decree since the previous report.

**D.     Reports regarding employees**

1.     a complete employee list, including dates of employment, job title, department, and supervisor; and

2.     acknowledgements of receipt of the Final Policy for all employees signed since the previous report

**D.     Reports regarding audits**

1.     copies of all anonymous surveys since the prior report; and

2.     a summary of investigations conducted as a result of those surveys.

## XII.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendant shall bear all costs associated with the administration and implementation of its obligations under this Consent Decree. Consultant shall notify Defendant and the EEOC each time the Consultant's fees and costs incrementally reach or exceed ten thousand dollars ($10,000.00).  Any individual project that the Consultant anticipates will cost more than five thousand ($5,000) in fees and costs must be approved in advance by both the EEOC and Defendant.  If the Defendant believes that the Consultant's fees and costs are excessive or unreasonable, it shall have the right to ask the EEOC to collaborate in the selection of a new Consultant.  If the EEOC disputes that the Consultant's fees and costs have been unreasonable, the Defendant has the right to seek court intervention following the Dispute Resolution Period outlined in Section VIII on both the extent of the Consultant's plan of work and the relative reasonableness of her or his proposed fees and costs.

## XII.

CONSENT DECREE AND [PROPOSED] ORDER

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

### XIII.

## MISCELLANEOUS PROVISIONS

A.     During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of Defendant, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.     During the term of this Consent Decree, Defendant shall ensure that each of its directors, officers, human resources personnel, managers, and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.     Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

D.     The Parties agree to entry of this Decree and judgment subject to final approval by the Court.  All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

### E. XIII.

## COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

CONSENT DECREE AND [PROPOSED] ORDER

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date: 2|28|20

By: Anna Y. Park
Attorneys for Plaintiff EEOC

GORDON & REES

Date: 2/28/2020

By: Attorney for Defendant Sierra
Creative Systems, Inc.

Date: _____

By: Kent Moon
Representative of Defendant Sierra
Creative Systems, Inc.

- 23 -

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


Date: _____

By:    Anna Y. Park
       Attorneys for Plaintiff EEOC


GORDON & REES


Date: _____

By: _____
       Attorney for Defendant Sierra
       Creative Systems, Inc.

Date: 2/27/2020

By:    Kent Moon
       Representative of Defendant Sierra
       Creative Systems, Inc.

- 23 -

# [PROPOSED] ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

Date:   3/2/20

_The Honorable Philip S. Gutierrez_
_United States District Court Judge_